UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOES 1–20, d/b/a XTAPES.TO AND XTAPES.IO,<br><br>    Defendants. | CASE NO. 24-CV-5690-BHS<br><br>ORDER |

This matter is before the Court on Plaintiff Aylo Premium Ltd's ex parte motion for leave for alternative service. Dkt. 11.

Aylo Premium asserts copyright infringement claims against Defendants John Does 1–20, d/b/a xtapes.to and xtapes.io. Dkt. 1. Aylo Premium seeks leave to serve Defendants by alternative means, specifically, by email, under Fed. R. Civ. P. 4(f)(3) and (h)(2). Dkt. 11.

Fed. R. Civ. P. 4(f)(3) and (h)(2) provide that service outside the United States on a foreign business entity or individual may be effected "by other means not prohibited by

ORDER - 1

international agreement, as the court orders." *Rio Prop., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The party requesting authorization to serve by alternative means must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id*. at 1016. In some circumstances, a party may establish that email is a method that is "reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017–18.

Fed. R. Civ. P. 4(f)(1) provides that service may be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." While Rule 4(f) does not create a hierarchy of preferred methods of service of process, "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)." *Rio*, 284 F.3d at 1014–15 & n.4. However, "by its terms, the Convention doesn't apply 'where the address of the person to be served with the document is not known.'" *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, No. 19-CV-01167, 2020 WL 5036085, at *2 (Aug. 19, 2020) (quoting Art. 1).

Aylo Premium asserts that the individual defendants are located abroad, in Panama. Dkt. 11 at 2. Aylo Premium first obtained a physical address for Defendants in Miami, Florida, but learned that Defendants were instead located in Panama. Aylo Premium has identified three email addresses associated with Defendants and sent messages regarding this matter. Defendants did not respond, but email addresses were

"verified as valid and did not bounce back." *Id.* at 3. Aylo Premium asserts the Hague Convention does not impede alternative service in this case. *Id.* at 5.

The Court concludes Aylo Premium has established service by email is reasonable in this case, given its showing that active email addresses are available and that email reasonably is calculated to provide Defendants notice of this lawsuit and comport with due process. Dkt. 11.

Aylo Premium's motion for leave for alternative service is **GRANTED**. Dkt. 11.

Dated this 16th day of January, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge