UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,

Plaintiff,

v.

FRANCISCO GONZALEZ, JOHN DOES 1–20, d/b/a XTAPES.TO AND XTAPES.IO,

Defendants.

CASE NO. 24-CV-5690-BHS

ORDER

This matter is before the Court on Plaintiff Aylo Premium Ltd's motion for default judgment against defendant Francisco Gonzalez. Dkt. 20.

Aylo Premium asserts it is "among the world's leading premium adult entertainment content providers" with "one of the largest extant libraries of original adult-themed video material." Dkt. 15. It asserts copyright infringement claims against Gonzalez and John Does 1–20 for pirating Aylo Premium's copyrighted works on the websites xtapes.to and xtapes.io. *Id.* at 2. Gonzalez did not answer. Dkts. 18, 19.

ORDER - 1

Aylo Premium now moves for default judgment against Gonzalez. Dkt. 20. It alleges the xtapes websites displayed 9,912 of its copyrighted works at 65,360 URLs. *Id.* at 4–5. It seeks $15,000 per infringed work, $148,680,000 in total, arguing this figure is "proportionate to Gonzalez's extensive misconduct" and "will deter . . . future unlawful action." *Id.* at 5. It claims Gonzalez's actions were willful because of the "sheer volume of infringements" and his indifference to more than one million Digital Millennium Copyright Act (DMCA) takedown notices Aylo Premium has sent him. *Id.* at 9–10; Dkt. 15 at 9. It estimates it has lost $69,929,900 per month in revenue, although it admits it is "impossible to calculate the exact loss resulting from [this] piracy operation" because not all 6.91 million monthly visitors to the xtapes websites "would have subscribed to Aylo's paid services." Dkt. 20 at 8.

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has wide discretion in determining the amount of statutory damages to be awarded within the ranges provided by 17 U.S.C. § 504(c)(1)–(2). *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). It must do what is just in the particular case, "considering the nature of the copyright, the circumstances of the infringement and the like . . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's *discretion and sense of justice* are controlling." *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 232 (1952) (emphasis added). "Statutory damages are

particularly appropriate in a case . . . in which [a] defendant has failed to mount any defense or to participate in discovery." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). Further, "[b]ecause awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant." *L.A. News Serv. v. Reuters Television Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Harris,* 734 F.2d at 1335); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, No C13-0626 JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014).

Aylo Premium has demonstrated Gonzalez willfully infringed its copyright 9,912 times, and a statutory damages award is warranted and required. However, the Court in its discretion declines to award Aylo Premium the almost $149 million it requests. Aylo Premium asserts it has lost $69,929,900 in revenue, although it concedes not all of the 6.91 million xtapes website visitors would have paid for its services. The Court finds that only a fraction of the visitors would have paid for Aylo Premium's services. In its discretion and in the interests of justice, the Court will award **$5,000** for each of the **9,912** offending works, totaling **$49,560,000**.

Aylo Premium also seeks permanent injunctive relief under 17 U.S.C. § 502(a). Dkt. 20 at 12. The Court may grant a permanent injunction where the plaintiff demonstrates that (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in

equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court does so in the exercise of its equitable discretion. *Id.*

Aylo Premium has demonstrated each of the elements required for a permanent injunction. It has demonstrated that the copyrighted videos hosted on the xtapes websites have a significant viewer base, resulting in Aylo Premium losing market share. Dkt. 20 at 8. It is also apparent monetary damages will not be adequate to prevent future infringement because Aylo Premium may not be able to collect the default judgment from Gonzalez. *Id.* at 14. The balance of hardships in the absence of injunctive relief tilts towards Aylo Premium, and public interest is served by granting injunctive relief. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."). In short, Aylo Premium is entitled to a permanent injunction precluding Gonzalez from infringing on its copyrighted works.

Next, Aylo Premium requests the Court to order non-parties Tonic Domains Corp. and Internet Computer Bureau Ltd, the registries for .to and .io domains, respectively, to disable and transfer "xtapes.to" and "xtapes.io" to Aylo Premium. Dkt. 20 at 16 (citing, *inter alia*, *Will Co. Ltd. v. Lee*, No. 3:20-cv-05802-BHS (W.D. Wash. 2025)). The Court agrees and ORDERS Tonic Domains Corp. and Internet Computer Bureau Ltd to DISABLE and TRANSFER domain names xtapes.to and xtapes.io to Aylo Premium.

ORDER - 4

Finally, Aylo Premium seeks $29,135 in attorneys' fees and $770 in costs. Dkt. 20 at 16. These fees and costs appear reasonable in light of the stakes and the effort reflected in the record, and the Court ORDERS such an award of fees and costs under 17 U.S.C. § 505.

The Clerk shall enter a JUDGMENT consistent with this Order and close the case.

Dated this 12th day of May, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5